# Wolffe *v.* Nall, *et al.*

### Bill in Equity to Declare and Enforce Lien.

1. *Payment; who must prove.*—A party relying on or pleading payment must prove it. It is a defense peculiarly within his knowledge, and though his adversary in pleading may negative it, the negative averment is taken as true until he disproves it.

2. *Note for purchase money; right of transferee of.*—Where a note is given for the purchase money of land, the vendor retaining title as security for its payment, all the essential incidents of a mortgage attach and a transfer of the debt for the purchase money passes an equitable right to the assignee, whether the vendor is liable to him or not, to charge the lands with its payment.

APPEAL from Pike Chancery Court.
Heard before Hon. H. AUSTILL.
The opinion state the facts.

[Wolffe v. Nall, et al.]

JOHN D. GARDNER, for appellant.

W. D. WOOD, *contra*.

BRICKELL, C. J.—The bill is filed by the appellant, as the assignee of a promissory note made by the appellee Nall, for the purchase-money of lands described in the bill. Title to the lands had not been made by the vendor; by bond or covenant, he had stipulated to convey on the payment of the purchase-money. The appellant claimed title to the note under a purchase and transfer from a receiver or trustee, appointed by a court of chancery to take charge and dispose of the assets of the vendor. The bill avers the note is due and unpaid; and the answer of the vendee denies the averment, setting up that the note had been paid, and the manner of its payment, but of the fact, there was no evidence given.

Two questions were argued by counsel, and to them we confine our opinion:

First—Was it incumbent on the appellant, in the state of the pleadings, to offer evidence of the non-payment of the note? There can be no doubt this question must be answered negatively. A party pleading or relying on payment must prove it. The fact lies peculiarly within his knowledge, and though his adversary in pleading may negative it, the negative averment is taken as true until disproved.—1 Green. Ev. § 79; *Carroll v. Malone*, 28 Ala. 526.

Second—Whether the appellant, acquiring title to the note by a transfer not involving the vendor in liability, can charge the lands with its payment? When the vendor of lands, as in the present case, retains the legal title as a security for the payment of the purchase-money, all the essential incidents of a mortgage attach, and a transfer of the debt for the purchase-money passes an equitable right to the assignee, (whether the vendor is or not liable to him,) to charge the lands with its payment.—*Bankhead v. Owen*, 60 Ala. 457. If the vendor had conveyed the lands, a different rule might obtain.—*Hightower v. Rigsby*, 56 Ala. 126. Under the pleadings and proofs, the appellant was entitled to a decree declaring and enforcing a lien on the lands for the payment of the note described in the bill.

The decree of the Chancellor must be reversed, and the cause will be remanded that a decree may be entered in conformity with this opinion.