(76 South. 307)

MAYER BROS. v. GEWIN et al. (2 Div. 634.)

(Supreme Court of Alabama. June 14, 1917.)

PAYMENT &⇒44 — APPLICATION — PRESUMPTION.

Where one general account existed between debtors and creditors before execution of a mortgage by the debtors to the creditors, and such account continued after execution of the mortgage without any change in any manner, the mortgagees being under the impression that the mortgage secured the entire account, a payment made by the mortgagors extinguished the oldest debt, the one secured by the mortgage; the presumption of law that the credit was to be applied, most beneficially to the creditor, to the most precarious debt, having no application.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 17, 195–197.]

Appeal from Law and Equity Court, Hale County; Charles W. Waller, Judge.

Bill to foreclose a mortgage by Mayer Bros. against M. A. Gewin and another. From decree dismissing the bill, complainants appeal. Affirmed.

The bill in this case was filed to foreclose a mortgage, and the defense was payment. The mortgage was executed by M. A. Gewin and husband, A. B. Gewin, to Mayer Bros. on March 22, 1910, and due November 5, 1910, in the sum of $1,500, as security for

advances. The defense is based upon two theories, one of fact, viz. that certain credits claimed had not been applied, and the other of law, viz. that the account between the parties, part of which was secured, had been kept on appellants' books in one intermingled account, and therefore the payments made were applied to the earliest items of the account, and that all that part of the debt secured by the mortgage had been thus paid, though the entire debt had not been paid. The defendants do not dispute the correctness of any items charged against them. They claim a credit of $400, for the delivery of certain stock in March, 1911, and a payment of $100 made in May, 1913, neither of which items were allowed as credits, and as to both of which appellants claim defendants were not entitled to credit. The court below concluded the mortgage debt had been paid and dismissed the bill; hence appellants prosecute this appeal.

Ben F. Elmore, of Demopolis, and R. B. Evins, of Greensboro, for appellants. Thomas E. Knight, of Greensboro, for appellees.

GARDNER, J. Appellee, Mrs. M. A. Gewin, had a running account with Mayer Bros., appellants, beginning in the year 1908. On March 22, 1910, she and her husband executed the mortgage here in question for the purpose of securing advances—the mortgage and note being in the sum of $1,500. Mrs. Gewin, who will hereafter be referred to as the respondent, continued to trade at the mercantile establishment of the appellants, receiving goods, and making payment therefor from time to time, on account. At the time of the execution of the mortgage she was due the firm of Mayer Bros. on said account the sum of $148.51. Mayer Bros. made no change in reference to the account, but continued all transactions as one general running account from the commencement of the dealings between the parties in 1908, to the close thereof in 1914. When advances were made to respondent, during the years 1908 to 1914, inclusive, her general running account was charged therewith, and any payments thereon were simply entered on the account to her credit. There was no pretense whatever that there were separate accounts, either as to debits or credits, and there could be no controversy as to the fact that this was the course of dealing between the parties.

It clearly appears that appellants were of the opinion the mortgage executed to them by respondent secured, not only the $1,500 named therein, but also any additional advances until foreclosure. Doubtless this was also the impression of the mortgagor until in the year 1915, when it was discovered that such was not the case, but that, in fact, the mortgage only secured the sum of $1,500. Indeed, one of the members of the firm of Mayer Bros. testified that he was—

"under the impression that this mortgage provided for additional advances until foreclosed, and my attention was called to this error by Mr. A. B. Gewin on or about January 27, 1915."

The debt secured by the mortgage was, of course, the oldest debt, and it appears without dispute that after the maturity of the mortgage debt the respondent paid Mayer Bros. a sum largely in excess of the mortgage indebtedness. The question of law involved concerns the application of the payments made.

It is insisted on the part of counsel for appellants that where a debtor owes to the creditor more debts than one, and neither the creditor nor the debtor expresses any election as to which debt the payment is to be applied, then, as between such debts, the presumption of the law is that the credit is to be applied most beneficially to the creditor; that is, to the most precarious debt, or the one least secured (McCurdy v. Middleton, 82 Ala. 131, 2 South. 721), and that, therefore, as there was no express election either by the creditor or the debtor, under the principle of the above-cited authority and those of like character, the law should apply the payment to that part of the account not secured by the mortgage. The principle relied upon by counsel for appellants, as disclosed in this authority (McCurdy v. Middleton, supra), is well recognized, but we are of the opinion that it is without application to the instant case. Here, there is one general account existing before the execution of the mortgage, and continuing thereafter without change in any manner; and it, in fact, appearing that the mortgagee was under the impression that the mortgage secured the entire account.

In view of these facts, we are of the opinion that what was said in the case of Harrison & Robertson v. Johnston, 27 Ala. 445, is directly applicable here:

"If we concede the rule, as contended for by the counsel for the appellants, that when a partial payment is made, by one owing distinct and separate debts, the law, if called upon to make the application, will apply the payment to the debt which is the least secured, or most precarious, still this principle does not apply in the case presented by the record before us. The evidence here shows that the appellants were the factors and commission merchants of Friend, and that there was a running account between them, and in that case a different principle applies, and there, in the absence of any application of the payments by the parties, the law applies them to the charges in the order of time in which they accrue, without reference to the fact that one item may be better secured than another. Clayton's Case, 1 Mer. 608; Bodenham v. Purchas, 2 B. & A. 39; Brooke v. Enderby, 2 Brod. & Bing. 70; Story's Eq. § 459g. It does this, on the principle, that such an appropriation is most consonant to the intention of the parties. Where the factor, from time to time, makes advances, receives payments, and blends the debts and the credits together in one common account, then the parts have no longer any separate existence, but it is the balance only which is considered as due."

That case points out that the rule is not inflexible, as there announced, and will not

be applied where the character of the dealings is such as to show that it was not the intention of the parties that the payments should be thus applied, and if a different application is expressly shown, or is to be inferred from the particular course of dealing, or from the particular circumstances of the case, the rule would not apply.

The above case of Harrison & Robertson v. Johnston, supra, has been frequently cited with approval by this court: Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 South. 235; Stickney v. Moore, 108 Ala. 590, 19 South. 76; Spies v. Price, 91 Ala. 166, 8 South. 405; Moses Bros. v. Noble, 86 Ala. 407, 5 South. 181; Ala. Gold Life Ins. Co. v. Sledge, 62 Ala. 566.

In the instant case there was only one account, a general running account, that secured by the mortgage and that which was an open account being blended into the one indebtedness, and extending from a time prior to the execution of the mortgage to some several years thereafter. There was no pretense that Mayer Bros. ever applied the payments made to any particular indebtedness, and, indeed, we think the testimony for the appellants clearly discloses that they treated the same as one account and so considered it.

There is nothing, therefore, in this record which, in our opinion, takes the case from without the influence of the principle announced in Harrison & Robertson v. Johnston, supra. With the payments so applied, there can be no dispute that the mortgage debt was paid prior to the filing of the bill. It therefore becomes unnecessary to consider the disputed questions of fact as to certain payments insisted on by the respondent.

The decree of the court below, denying the complainants relief, will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.