(92 South. 546)

**ROBINSON v. SMITH.   (5 Div. 819.)**

(Supreme Court of Alabama.   April 27, 1922.)

1. **Payment** ⊜⟷65(6)—**Party relying on must prove.**

The party alleging and relying on payment as a defense must prove it.

2. **Evidence** ⊜⟷91—**Burden of proof on party affirming existence of facts.**

The burden of proving disputed facts rests on him affirming their existence and claiming rights or benefits therefrom.

3. **Payment** ⊜⟷65(6)—**Burden of proof on defendant to show contract on which defense based.**

In a suit to recover balance due for lumber, and to establish a lien on a garage and lot for material furnished, where defendant pleaded payment, to establish which he affirmed that a special contract price of $30 per thousand feet

was agreed to between him and plaintiff, the burden of proof as to the terms of the contract rested on the defendant.

### 4. Trial ⬦205—Court should instruct as to burden of proof.

Where the court charged that the burden of proof was on the plaintiff to establish his claim to the reasonable satisfaction of the jury, it was error to refuse to instruct that the burden was upon the defendant to prove facts affirmed by him, and necessary to establish his defense, under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815.

### 5. Trial ⬦234(7)—In action for price, instruction as to burden of proof held misleading.

In a suit to recover balance due for lumber, where defendant alleged an agreement whereby the lumber was sold to him at $30 per thousand, and claimed payment through purchase of other lumber by plaintiff from defendant at $21.50 per thousand feet, court properly refused as misleading a charge requested by plaintiff "that the burden is on the defendant to reasonably satisfy you as to the alleged agreement fixing value at $30 per thousand."

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by W. C. Robinson against Harrison N. Smith, in assumpsit. Judgment for the defendant and the plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Lawrence F. Gerald and Reynolds & Reynolds, all of Clanton, for appellant.

The court erred in its oral charge, and in refusing to give plaintiff special charges. 119 Ala. 290, 24 South. 707; 65 Ala. 570; 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950.

J. B. Atkinson, of Clanton, for appellee.

Counsel relies on the same authorities as does the appellant for an affirmance of the case.

MILLER, J. W. C. Robinson files this suit against H. N. Smith to recover balance due for lumber and to establish a lien on a garage and lot for the material furnished to construct the building. The defendant pleaded the general issue and payment. There was jury and verdict in favor of the defendant, judgment thereon by the court, from which plaintiff appeals.

The evidence for the plaintiff tended to show that he sold defendant lumber worth on the market $512.84; no price was agreed on for it; that he purchased lumber from defendant at an agreed price of $21.50 per thousand feet, which amounted to $312.09, and defendant paid him by check $37.31,

which left a balance of $163.44 due plaintiff by defendant. The defendant testified in part as follows:

"I purchased 13,585 feet of lumber from Mr. Robinson that went in that building; I agreed to purchase that lumber from Mr. Robinson at $30 per 1,000 feet; before I bought the lumber from him he and I had an understanding and agreement as to the price I would pay for the lumber, and what he would give me for mine; I was to give him $30 per 1,000 feet for the lumber I got from him, and at that price it would amount to $406.74; I let Mr. Robinson have 17,183 feet and he was to give me $21.50 per thousand; that amounted to $369.43, which left a balance due him by me of $37.31; I had an agreement with Mr. Robinson, and I had a settlement with Mr. Robinson of this transaction; I don't remember the exact date; I gave him a check for $37.31."

This written charge, No. 2, requested by the plaintiff, was refused by the court:

"The burden is on the defendant to establish to your reasonable satisfaction that there was an agreement that the price to be paid for the lumber furnished by plaintiff was $30."

[1] The party alleging and relying on payment as a defense must prove it. The burden of proof of payment is on the defendant, as he alleges it. Wolffe v. Nall, 62 Ala. 24; 10 Ency. Dig. of Ala. Rep. p. 927, § 46. In Lehman Bros. v. McQueen, 65 Ala. 575, this court wrote:

"Whatever facts are necessary to be established—whether by the plaintiff, to give him a right to recover, or by the defendant, to sustain his defense—must be proved."

[2] The burden of proving disputed facts rests on him affirming their existence and claiming rights or benefits therefrom. Land Mort. Co. v. Preston, 119 Ala. 290, 24 South. 707; Sampson v. Fox, 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950.

[3] The defendant to establish his plea of payment affirms that a special contract price of $30 per thousand feet was agreed to between him and plaintiff for the lumber purchased by him from the plaintiff. It is disputed by the plaintiff. The defendant testified to it. The testimony of plaintiff is against it. It must be proved to the reasonable satisfaction of the jury before the plea of payment is established. The defendant affirms the existence of the agreement; the plaintiff disputes it. It is a necessary fact involved in the plea of payment, and the burden of proving it rests on the defendant. Wolffe v. Nall, 62 Ala. 24; Lehman Bros. v. McQueen, 65 Ala. 575; Land Mort. Co. v. Preston, 119 Ala. 290, 24 South. 707; Sampson v. Fox, 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950; 10 Ency. Dig. of Ala. Rep. p. 927, § 46.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court in its oral charge to the jury stated:

"The burden of proof, gentlemen, is on the plaintiff to establish his claim to your reasonable satisfaction."

[4] Nowhere in the general charge, and in no written charge, did the court instruct the jury that the burden of proof is on the defendant to establish his plea of payment, and all necessary facts to show it to their reasonable satisfaction. The defendant was entitled to have the court so instruct the jury. He requested the court to give the written charge numbered 2. The court refused to give it to the jury. This was error. It is reversible error. It is a correct statement of the law, and it is not substantially and fairly given to the jury in the general charge or in any written charges given at the request of the parties. Section 5364, as amended Gen. Acts 1915, p. 815.

[5] This charge, numbered 1, requested by plaintiff, was refused by the court:

"The court charges the jury that the burden is on the defendant to reasonably satisfy you as to the alleged agreement fixing value at $30 per thousand."

It is misleading. It fails to state that the $30 per thousand was for the lumber sold defendant by plaintiff. Under the alleged agreement it was sold for $30 per thousand, and the lumber sold plaintiff by defendant was at $21.50 per thousand feet. It was properly refused.

For the error mentioned, the case must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.