(96 South. 432)
### McCORD v. BRIDGES. (5 Div. 850.)

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 24, 1923.)

1. Detinue ⊚⟹18—Evidence held sufficient to show value of property.

In detinue for the recovery of a portable sawmill and other machinery, where there was no evidence tending to show the value of the sawmill alone, or the separate value of belting, pulleys, and parts, but testimony showed the separate value of the boiler and engine and the aggregate value of the sawmill, belting, fixtures, tools, etc., and the value of the use of all the equipment per day, held, that such evidence was as sufficient a showing of value as the nature of the property admitted.

2. Payment ⊚⟹ 65(6), 70(1)—Testimony by defendant that mortgage was paid before suit brought admissible, casting burden on plaintiff.

In detinue to recover a portable sawmill and other machinery for which the defendant had given plaintiff a purchase-money mortgage, testimony by the defendant that the mortgage in question was paid in full before suit was brought was admissible as a statement of the fact of payment, and under a plea of payment this evidence cast upon plaintiff the burden of proving nonpayment.

3. Payment ⊚⟹76(5)—Conflict in defendant's testimony on direct and cross examination on issue of payment warrants submission to jury.

In detinue for the recovery of personal property, positive testimony by the defendant that he paid the purchase-money mortgage under which recovery was sought warranted the submission of the issue of payment to the jury, even though there was a material conflict, or apparent conflict, between his testimony on direct and on cross examination.

4. Judgment ⊚⟹710—Not conclusive on persons not parties.

In detinue to recover possession of personal property for nonpayment of a mortgage note thereon, the decision in a case between plaintiff and another defendant, to which defendant in the instant case was not a party, is not binding on defendant, though the case grew out of the same transaction and the rights of the respective parties were dependent on the construction of the same instruments.

5. Payment ⊚⟹38(1)—General rule as to debtor's right to direct application of payments not applicable where unjust result thereby reached.

Where, by contract, a mortgage of a portable sawmill and other machinery was made a part of another contract for the cutting of timber on land to which plaintiff had a timber deed, and by express agreement the mortgage was to operate as security for advances, past and future, held, that defendant could not direct the application of payments to the mortgage by splitting the general account; the rule as to the right of the debtor to direct the application of payments being subject to the qualification that a different application is made when required by justice and equity, or by the intention of the parties deducible from the circumstances applicable thereto.

6. Payment ⊚⟹75—Evidence held to show defendant not entitled to direct application to mortgage debt rather than general account.

In detinue to recover a portable sawmill and other machinery for nonpayment of a mortgage note thereon, which mortgage and mortgage note were made part of a contract under timber deed, evidence held to require a finding that defendant was not entitled to direct the application of payments made by him to the mortgage covering the personal property rather than to other indebtedness owing by him to plaintiff.

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action in detinue by Z. D. McCord against J. U. Bridges. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Jno. A. Darden, of Goodwater, and Jas. W. Strother, of Dadeville, for appellant.

It was error to permit the defendant to testify that he had paid the mortgage in full. This is a conclusion. Wolffe v. Nall, 62 Ala. 24; Robinson v. Smith, 207 Ala. 378, 92 South. 546; 10 Mich. Ala. Dig. 927. The defendant in this case could not direct the application of payments other than as the contract provided. McCord v. Rumsey, 95 South. 269; Bell v. Bell, 174 Ala. 446, 56 South. 926, 37 L. R. A. (N. S.) 1203.

L. H. Ellis, of Columbiana, and Riddle & Riddle, of Talladega, for appellee.

The defendant had the right to direct the application of payments. Porter v. Watkins, 196 Ala. 333, 71 South. 687. The burden was on the plaintiff, not only to show the execution of the mortgage, but that some part of it was unpaid. Pinckard & Lay v. Bramlett, 165 Ala. 327, 51 South. 557.

THOMAS, J. The suit is in detinue for the recovery of a boiler, engine, and sawmill. Plaintiff gave bond under the statute and took the property; whereupon defendant, by replevy bond, repossessed and held the same at the time of trial.

The plaintiff advanced defendant $1,573 to buy the machinery, and the necessary money for its transportation and to set it up, and took a mortgage therefor, which was duly recorded. The mortgage stipulated that it also covered future advances. The suit is based on that mortgage, brought after law day. Defendant pleaded the general issue and payment.

[1] After plaintiff had introduced in evidence the mortgage of date July 17, 1920, stipulating that it was due and payable on October 1, 1920, a witness in his behalf testified that the boiler was worth $175, the engine $350, and the sawmill, belting, pulleys, fixtures, tools, etc., about $350, on the day the suit was brought. There was no evidence tending to show what the sawmill alone was worth, or the separate value of the belting, pulleys, etc. There was evidence, however, that "the value of use and of all that except the sawmill from the 4th day of November, 1920, to the present time would be $1.50," and that "the value of the hire or use of the sawmill from the 1st day of October, 1920, to the 4th day of November, 1920, is 50 cents per day." This was a sufficient statement of its alternate value and that of its detention such as the nature of the property admitted. Gwin v. Emerald Co., Inc., 201 Ala. 384, 78 South. 758.

The defendant alone was examined in his own behalf, and testified that the mortgage on which the action was based had been paid in full prior to the time of the institution of the suit; that he had paid plaintiff something over $2,400; and had directed plaintiff to apply the payments that he (defendant) made to this debt—the mortgage which was the first one due and was the first one to be paid. The testimony of the defendant that he directed the application of payments to the mortgage was not contradicted. Redd Bros. v. Todd (Ala. Sup.) 95 South. 276.[1] Was this a case where an application of payment might be directed by the debtor?

The evidence shows that the mortgage, the contract, and the deed to McCord from Herzfold to the timber lands on which the mill was located and to be operated with timber therefrom were a part of the same transaction. That is, the purchase of the land, or timber rights thereon, the erection of the sawmill, the manufacture of the timber into lumber, the application of the proceeds to the payment of the indebtedness to McCord, and the provision for necessary operating expenses to Bridges, were the objects and subjects of the foregoing documentary evidence. They will be construed together, as was the intention of the parties. The mortgage, stipulating the sum of $1,573 as its consideration, expressly recites that—

"If said payee (Z. D. McCord) shall advance anything to me (J. U. Bridges) over and above the amount named in this obligation, this conveyance shall stand as security for the same as fully as if included in said amount."

The contract as to said lands, mill, timber, and lumber recites the intention of the parties was the purchase of the timber lands and erection thereon of the mill plant; specifically states that McCord had advanced money to pay for the same; that, by agreement, the deed was taken in the name of McCord; and stipulates that—

"Should millman (J. U. Bridges) carry out all the terms of this contract, paying for all money advanced then the said Z. D. McCord is to make deed back to millman to said lands."

It contains the further provision for the division of the proceeds of the sale of the lumber manufactured, to the end that one-half be applied to the liquidation of the millman's indebtedness to the purchaser (McCord), and one-half be paid to Bridges to provide him with funds to operate the mill, etc., and concludes with the covenant by the millman (Bridges):

"* * * That he will make and deliver to purchaser a good and valid mortgage on all

---

[1] Ante, p. 56.

sawmill, engine, boiler, feeder, and all other equipment and fixtures of the mill *so located,* and same·to be *free from incumbrances.* This is to be done as soon as mill is *placed on the premises described above. Same to be given as additional and further security of* indebtedness to purchaser. * * * That should millman fail to carry out any part of his contract that the entire contract may be declared forfeited by purchaser, at his option, and proceed to take charge of or dispose of the property mortgaged, the mill included, and take over the same and operate the mill himself, or contract with others to do so." (Italics supplied.)

[2, 3] There was no error in permitting the question and answer, as to the mortgage in question, to the effect that it "was paid in full before this suit was brought." It was a statement of the fact of payment, subject to be tested by cross-examination of the witness. The affirmative answer was not a conclusion of the witness. It might have been of doubtful probative force, if not accompanied by specific facts, showing the payment or the circumstances corroborative thereof. This was the issue presented by the special plea, and the burden of proof, or the duty of going forward with the evidence, the defendant thus cast upon plaintiff. The decision in Wolffe v. Nall, 62 Ala. 24, merely states that the party relying on or pleading payment must prove it. It does not undertake to state how the proof must or may be made. Robinson v. Smith, 207 Ala. 378, 92 South. 546. If there was a material conflict, or apparent conflict, between the direct and cross examination of the witness, it did not prevent submission of the issue of payment to the jury, under his positive testimony of payment of the mortgage. Jones v. Bell, 201 Ala. 336, 77 South. 998; Republic I. & S. Co. v. Harris, 202 Ala. 344, 80 South. 426; Thomas Furnace Co. v. Carroll, 204 Ala. 263, 85 South. 455.

[4, 5] In the case of Z. D. McCord v. R. L. Rumsey (Ala. App.) 95 South. 268, the question now for decision was touched upon. That decision, however, was only binding upon the parties thereto, and not on this defendant, Bridges, not a party. It grew out of the same transaction, and the rights of the respective parties were dependent on a construction of the contract and deed in evidence in the instant case. The observation is there made that the plaintiff had title to the land upon which the timber was grown, and a right to the possession of the lumber after it was cut, under contract with defendants. Such is the evidence in this suit. This placed title and the right to immediate possession in plaintiff, authorizing him to maintain action for a wrongful conversion of the lumber or the mortgaged property. Until there was full payment by Bridges to McCord, or by Bridges' privies in contract, if such there were, of the ·entire indebtedness incurred in the purchase of the land and timber, machinery, and installation of the same, and the operating expenses advanced by McCord, under the rule of the application of payments Bridges was not authorized to "split the general account" to the prejudice of McCord by directing ·that all payments be so applied as to free himself and the mill property of the mortgage. The mill and machinery were made a part of the realty by contract of the parties, and for the mutual benefit of both parties necessary and to the end of the manufacture of the timber into lumber. The general rule that, where payments are made without specific application by either party, and not applied by law on the contract of its creation, and payments made without direction of the party having the right of application, such payments will be held in law to be applied to the oldest item of the general account, is without application in this case (Jefferson Plumbers & Mill Supply Co. v. Peebles, 195 Ala. 608, 71 South. 413; Stickney v. Moore, 108 Ala. 590, 19 South. 76), since this general rule is subject to the important and just qualification that a different application is made where such is shown to be in accordance with justice and equity, or the intention of the parties deducible from the circumstances having immediate application thereto. Redd Bros. v. Todd, supra; Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 South. 235; Compton v. Collins, 197 Ala. 642, 73 South. 334; Alabama Fidelity, etc., Co. v. Alabama Penny Sav. Bank, 200 Ala. 337, 76 South. 103; Mayer Bros. v. Gewin, 200 Ala. 391, 76 South. 307.

[6] Under the uncontradicted evidence in this suit, it would be unjust and contrary to the intention of the parties to permit an application of payment to the mortgage, as sought to be asserted by Bridges. The court erred in the portions of the general charge, to which due exceptions were reserved:

"The defendant has the right to direct plaintiff to apply this money to a particular debt." "The defendant has the right to do that (direct the application of payments) in this kind of cases where there is a mortgage involved."

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.