(101 South. 614)
#### CONTINENTAL AUTO INS. ASS'N v. TRAYWICK. (6 Div. 216.)

(Supreme Court of Alabama. Oct. 16, 1924.)

1. **Insurance** ⬅➡668(14)—**That written notice was sent company's home office inferable from notice sent local agent and forwarded by him, and return of questionnaires to assured.**

   Where policy provided that immediate written notice of loss be sent company's home office, and assured gave it to local agent who forwarded it, jury could infer that company received the notice, where it sent assured blanks or questionnaires to be filled out.

2. **Insurance** ⬅➡668(14)—**Where insurance company made general request for information omitted from statement filed within time limit, inference of waiver of time limit held warranted.**

   Where policy provided for sworn statement within 60 days, among other things, of time of loss, and statement tendered within time limit omitted time of loss, jury may infer waiver of 60-day limit from company's request for information omitted, without mentioning time limit.

3. **Pleading** ⬅➡412—**Evidence admitted without objection cured defect that waiver of conditions by insurer was not set up in replication.**

   Waiver of provision that assured render sworn statement within time limit should be set up by replication to insurer's plea of noncompliance with requirement, but introduction of evidence of waiver without objection cures defect.

4. **Evidence** ⬅➡113(2)—**Testimony of witness as to value of car when burned held relevant, where its use and condition from time witness last saw it until its burning was shown.**

   Where evidence showed use and condition of automobile between time witness last saw it and day it burned his testimony as to its value just before loss was relevant.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action on a policy of automobile fire insurance by T. H. Traywick against the Continental Auto Insurance Association. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint alleges that plaintiff and defendant entered into a written contract of insurance, under the terms of which defendant, for a consideration paid by the plaintiff, agreed to pay to plaintiff a stated sum, in the event plaintiff's automobile was destroyed by fire; that the automobile was destroyed by fire; and that defendant has not paid as agreed, etc.

Defendant's pleas 8 and 9 are as follows:

"8. That the policy of insurance upon which this suit is based provides as follows: '(2) That assured shall give the association at Springfield, Ill., immediate written notice of any accident, claim, loss, or suit covered hereunder with the fullest information then obtainable.' And it further provides: 'Compliance on the part of the assured with the provisions of this policy, relative to the payment of premiums and notice and proof of loss relating to the establishment of the validity of a claim, is essential to recovery.' And defendant avers the plaintiff did not give immediate written notice of the loss, sought to be recovered in this suit, to the association at Springfield, Ill., wherefore plaintiff should not have and recover of the defendant in this action."

"9. That the policy of insurance upon which this suit is based provides as follows: 'And within 60 days after such loss or damage the assured shall render a statement to the association at its home office, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property, and the amount of such loss or damage, and it is a condition of this policy that failure on the part of the

assured to render such sworn statement for loss or damage to the association at its home office within 60 days of the date of such loss or damage shall render such claim null and void.' And defendant avers that the plaintiff did not render the said statement as required in the aforesaid provision of said policy nor any in lieu thereof; wherefore plaintiff should not have and recover of the defendant in this action."

The following is the substance of a letter written by defendant to plaintiff:

"We have the questionnaires recently forwarded to you in reference to a fire damage to your car under policy 43329. You do not give us the exact date this fire occurred; that is, the month, day, and year. Please supply us with this information at once."

Lange & Simpson and W. H. Brantley, Jr., all of Birmingham, for appellant.

It was reversible error to refuse the general charge to the defendant. Boyle v. N. C. Ins. Co., 52 N. C. 373; Patrick v. Farmers' F. Ins. Co., 43 N. H. 621, 80 Am. Dec. 197; Fire Ins. Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Central City Ins. Co. v. Oates, 86 Ala. 567, 6 So. 83, 11 Am. St. Rep. 67; Palatine Ins. Co. v. Lynn, 42 Okl. 486, 141 P. 1167; Engebretson v. Hekla F. Ins. Co., 58 Wis. 301, 17 N. W. 5; Fisher v. Travelers' Ins. Co., 124 Tenn. 450, 138 S. W. 316, Ann. Cas. 1912D, 1246; McCord v. Masonic Cas. Co., 201 Mass. 473, 88 N. E. 6. Evidence of value of the car was proper only when directed to the time in question. Stillwell v. Hill, 87 Or. 122, 169 P. 1174; Burgin v. Marx, 158 Ala. 633, 48 So. 348.

John W. Altman and J. K. Taylor, both of Birmingham, for appellee.

A substantial compliance with a condition of a policy is sufficient. Fire Ins. Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Ray v. Fidelity Ins. Co., 187 Ala. 91, 65 So. 536; Phœnix Assur. Co. v. Blumberg, 204 Ala. 443, 85 So. 815.

ANDERSON, C. J. [1] Appellant insists that it was entitled to the general charge: First, because its plea 8 was proven without dispute; and, second, because plea 9 was proven without dispute. Plea 8 is based upon a failure to give the association immediate written notice at its home office of the loss, with full particulars. It may be conceded that the plaintiff did not comply with this condition, and that the fact that the policy required the notice to be given at the home office excluded the right to serve the same on the local agent. But if it was given to the local agent, and he sent it in to the home office, the jury could infer a substantial compliance with the condition as set out in plea 8. The jury could have well inferred that the defendant received such notice at its home office, whether given directly by the plaintiff or through the local agent, as defendant knew about the loss and sent the plaintiff certain blanks or questionnaires to be filled out, looking to an adjustment of same.

[2, 3] Plea 9, however, was proven. The condition there set up required a statement within 60 days, among other things, of the time of the loss, and the statement introduced was not rendered within 60 days. The letter introduced by the plaintiff from defendant shows that a statement was filed within 60 days, but was defective in omitting the time of the loss, and the evidence shows that this omission was not supplied until more than 60 days after the loss. It may be that the defendant, by the letter to the plaintiff requesting this information, contemplated a reasonable time for supplying same after the receipt of said statement because of this defect, but requested the information and thereby impliedly extended the time for supplying the same, if it could not be sent in within the 60 days. Had defendant suggested or requested that this information must reach it, or would not be accepted unless received within 60 days after the loss, the plaintiff could perhaps have wired it within the 60 days, but, having made a general request as indicated by the letter, the jury could have well inferred a waiver of the 60-day limit. True, this matter should have been more properly set up by way of replication to the defendant's 9th plea, but, as the proof tending to show a waiver was introduced without objection, this question was made an issue, and was sufficient to prevent the giving of the general charge for the defendant under its plea 9.

The excerpt from the oral charge as set forth in the second assignment of error does not appear to have been excepted to by the appellant.

[4] The trial court did not commit reversible error in permitting the witness Evans to testify as to the value of the car just prior to its loss by fire. True, the witness stated he did not know the market value the day it was burned, but he was familiar with the car, and there was enough evidence in the record as to the use and condition of the car between the last time Evans saw it and the day it was burned as to make his evidence as to value relevant.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.