261 So.2d 736

**E. E. DONOVAN**

v.

**Walter GRIFFIN et al., etc.**

**2 Div. 537.**

Supreme Court of Alabama.

April 27, 1972.

Rehearing Denied May 25, 1972.

Hubbard & Waldrop, Tuscaloosa, O.S. Burke, Greensboro, for appellant.

**413**

Reeves & Stewart, Selma, Sheldon Fitts, Marion, for appellees.

MERRILL, Justice.

The appeal is from a judgment in favor of plaintiffs in their suit on a promissory note, dated December 26, 1961. The face of the note was $8,000.00 but the addition of interest raised the amount of the judgment to $14,700.00.

The trial was begun on the Code form complaint and a plea of the general issue. By the end of the first day, the plaintiffs had put on their evidence and rested. On the second day, the defendant filed special pleas setting up payment, the statute of limitations of six years, and material alteration of the note so as to change the due date from February 1, 1962 to February 1, 1966. More than six years had elapsed from the original due date, February 1, 1962, before the suit was brought on January 14, 1970.

The plaintiffs did not file any replication to the special pleas.

The plaintiffs testified that the note, made the basis of the suit, had not been paid, and the defendant testified that the note had been paid. The transaction was almost nine years old at the time of trial and neither parties were able to produce satisfactory documentation to support their contentions as to the payment or nonpayment of the indebtedness evidenced by the note. However, there was uncontradicted evidence to the effect that the due date of the note had been changed from February 1, 1962 (a time at which the statute of limitations would have precluded an inquiry

into the payment or nonpayment) to February 1, 1966, a date within less than six years prior to the bringing of the suit. The plaintiffs contended that such change was made before the note was executed by the defendant, whereas, the defendant contended that the change was made subsequent to his execution and payment of the note while the note remained in the possession of the plaintiffs.

Assignment of error 3 charges that the court erred in refusing to give the affirmative charge without hypothesis requested by the defendant. It is argued that the effect of the failure of the plaintiffs to deny or avoid the special pleas was to admit them and, therefore, the defendant was entitled to the charge.

■ Parties to a suit at law may, by acquiescence or the introduction of evidence, waive formal pleading, and may form their own issues on the evidence introduced. National Life & Accident Ins. Co. v. Curtin, 33 Ala.App. 50, 29 So.2d 577; Miller v. Bryant, 25 Ala.App. 564, 151 So. 362, cert. den. 227 Ala. 570, 151 So. 366; Manufacturers' Finance Acceptance Corporation v. Autrey, 228 Ala. 149, 153 So. 181; 71 C.J.S. Pleading § 573b, p. 1147. This principle was applied to the absence of a replication to a plea in Continental Auto. Ins. Ass'n v. Traywick, 211 Ala. 659, 101 So. 614; Cooper v. Lake Wood Co., 199 Ala. 633, 75 So. 307, and Helton v. Easter, 41 Ala.App. 648, 148 So.2d 486. The same principle applies in equity. United States Finance Co. v. Jones, 288 Ala. 238, 259 So.2d 264, decided March 16, 1972.

■ Here, testimony supporting and contesting the special pleas was adduced by both sides, much without objection, and we cannot hold under the authorities cited supra, that the trial court erred in refusing to give the requested affirmative charge.

The other argued assignment charges that the court erred in a part of the oral charge in reference to Plea Five. That plea read:

"Defendant says that Plaintiffs have materially altered the said note made the basis of said suit, in that the due date thereof has been changed from 'February 1, 1962' to 'February 1, 1966', after the execution thereof."

The part of the oral charge to which exception was taken follows:

"The burden of proof on that plea, that we have thus [sic] (just) been talking about, and that is the plea that sets up that there is some alleged alteration of the instrument, the burden of proof there rests on the Defendant to reasonably satisfy the jury by the evidence in the case of the truth of every material averment of that plea."

Both of the plaintiffs, Walter and Woodfin Griffin, testified that the due date on the note was changed before the defendant signed the note and at defendant's request. Defendant testified that the change was made after he signed it and that he had long since paid the note in full.

The defendant-appellant contends that "the Plaintiffs clearly had the burden to prove that the alteration was made prior to the execution of the note upon which they rely for recovery," and that the trial court erred in charging the jury that the burden of proof was on the defendant to prove Plea Five. The defendant relies on Fontaine v. Gunter, 31 Ala. 258, where a bill of exchange had obviously been altered and the court preferred the rule that "if a bill of exchange appear on its face to have been so altered, the onus rests on the person asserting rights under it, of showing that the alteration was made before the bill was executed, or that it was assented to by the parties to be bound thereby."

In its oral charge, the trial court instructed the jury as follows:

"The law says in the order for the Plaintiff to be able to recover, or to be entitled to a verdict at your hands in this case, that the Plaintiff has the burden to reasonably satisfy this jury by the evi-

dence in the case of truth of every material averment of the complaint. Now, that burden rests on the Plaintiff."

The court then took up the special pleas of payment, the statute of limitations and the alleged alteration. As to each plea separately, the court charged that the burden of proof was on the defendant. This, of course, is the law.

In King v. Aird, 251 Ala. 613, 38 So.2d 883, in discussing burden of proof, this court said:

"* * * By the term burden of proof is meant the duty of establishing the truth of a given proposition or issue by such an amount of evidence as the law demands in the case in which the issues arise. It is sometimes also said to mean the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a prima facie case. In some of our cases this is referred to as the burden or duty to go forward with the evidence. The burden in the sense of the duty of producing evidence may pass from party to party as the case progresses but the burden of proof meaning the obligation to establish the truth of a given proposition or issue rests throughout the trial upon the party asserting the affirmative of the issue and unless he meets this obligation upon the whole case, he fails. The burden of proof never shifts during the course of the trial. * * *"

Other cases holding that the burden of proof, as such, never shifts during the course of a trial are Shelton v. Gordon, 252 Ala. 187, 40 So.2d 95; Aircraft Sales & Service v. Bramlett, 254 Ala. 588, 49 So. 2d 144; Atlantic Coast Line R. Co. v. J. B. Maynard Const. Co., 259 Ala. 623, 67 So.2d 893.

The burden of proof remained on the plaintiffs in the instant case, but the burden of proving the affirmative of the pleas rested on the defendant, and that is what the trial court charged.

The plaintiffs introduced the note while their first witness, Walter Griffin, was on the stand. On cross examination, his attention was called to the alteration. On redirect, he explained that the due date was altered before defendant signed the note and that the alteration was at defendant's request. His brother testified to about the same thing and their secretary, Mrs. Tucker, testified that she typed the note. Up to this point, the plaintiffs had met the burden of "going forward with the evidence" to explain the alteration.

■ The next day, after the filing of the special pleas, the defendant denied the debt, testified that he paid it and denied that any alteration had been made on the note when he signed it, and denied that he had agreed to any alteration of the due date. This was his evidence in support of his Plea Five. Once again, the plaintiffs put on the Griffin brothers and the secretary and they again testified the same as they had on the previous day of the trial. Thus, a factual question was clearly before the jury. The defendant had presented evidence if believed which would support his Plea Five. The plaintiffs had "gone forward" twice, once to explain the alteration of the due date, and once to deny the allegation in Plea Five that the due date was changed or altered *after* execution.

■ We think the trial court was correct in orally charging the jury that the burden of proof was on the plaintiffs to prove each allegation of the complaint and the burden was on the defendant to prove his special pleas, including Plea Five. The burden of proof as to payment was on the defendant. Green v. Nabors, 222 Ala. 367, 132 So. 889; Robinson v. Smith, 207 Ala. 378, 92 So. 546.

The argued assignments of error present no meritorious grounds for reversal.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.