BRADLEY, Judge
(dissenting):
I respectfully dissent.
The Supreme Court of Alabama said in Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948):
[I]t might be contended that registering for work with the employment office and thereafter reporting to that office creates a prima facie case of availability for work within the meaning of the law, and that when such acts are shown a claimant has discharged the burden of showing that he was available for work.
We cannot agree with this contention. Registration for work and reporting at an employment office in accordance with regulations is but one of several findings, among which are the further findings that claimant is able to work and that he is available for work. [Citations omitted.]
A hard and fast rule as to what constitutes availability for work cannot be laid down. It depends upon the facts and circumstances of each case.
We think, however, that a claimant in order to show that he was “available for work” during the time for which he seeks benefits must at least show that he acted in good faith and made a reasonable effort to secure suitable employment of a character which he is qualified to perform by past experience or training.
It does not appear that Tomlinson had so acted. We hold, therefore, that he did not show that he was “available for work” within the meaning of the unemployment compensation law. It follows that he was not entitled to receive any award or benefits under the law for the period here involved. [Emphasis added.]
See also, Department of Industrial Relations v. Wall, 34 Ala.App. 530, 41 So.2d 611 (1949) (reaching a similar conclusion on the basis of similar evidence); State, Department of Industrial Relations v. Harbin, Ala. Civ.App., 365 So.2d 313 (1978) (stating that in order to meet the burden for showing “availability for work,” claimant must show a continuing good faith action and reasonable effort to secure employment; and that merely registering with the state employment office does not constitute such an effort); and, Director of State Department of Industrial Relations v. Stone, Ala.Civ. App., 367 So.2d 506 (1979) (stating that “availability,” to satisfy the statutory conditions for benefits, must be exemplified by a continuing effort to find employment throughout the benefit period).
Based on these authorities, I do not believe that the above quoted portion of claimant’s testimony is sufficient to satisfy her burden of proving that she was “available for work.”
Moreover, the burden of proof, i. e. the duty of establishing the truth of a given proposition or issue (here, availability for work) by such amount of evidence as the law demands in the case in which the issue arises, rests throughout the trial upon the party asserting the affirmative of the issue *1121 (here, the claimant). See Donovan v. Griffin, 288 Ala. 412, 261 So.2d 736 (1972). The burden of proof is upon claimant to establish rights to unemployment benefits and the claimant assumes the risk of non-persuasion. . State, Department of Industrial Relations v. Thompson, Ala.Civ.App., 359 So.2d 1158 (1978).
I concur in all respects with the principle that a determination of what constitutes “availability for work” must depend on the facts and circumstances of each case, and no hard and fast rule may be laid down to resolve that issue in all cases. However, I cannot agree that claimant’s testimony is sufficient to establish her “availability for work,” as that phrase has been construed by the courts of this state.