Bogan v. Martins.

BELSER and CRAWFORD, for the plaintiff in error, contended that the judgment departed from the writ and declaration in making another party plaintiff, and was not authorised by either.

No counsel appeared for the defendant.

---

## BOGAN v. J. & S. MARTIN.

1. "Received of J. & S. Martin $256 97, for a negro boy named Bob, aged about forty years, which I warrant, &c., given under my hand and seal, this 19 December, 1841.                    S. BOGAN, (Seal.)

Endorsed, "It is further understood, that if the said S. Bogan, shall well and truly pay to the said J. & S. Martin, the said sum of $256 97, within four months from this date, the said Bogan is to have the liberty of re-purchasing the said boy Bob. It is also understood, that if the said boy Bob

should die within the said term of four months, he dies the property of the said Bogan, and the said Bogan in that event, is to be justly indebted to the said J. & S. Martin, in the said sum of $256 97.

J. & S. MARTIN.

S. BOGAN."

Held, that the legal effect of this instrument, taken altogether, was, that it was a conditional sale of the slave, with the right to re-purchase. That the right to the slave vested immediately in J. & S. Martin, subject to be divested by the re-payment of the purchase money in four months. That the instrument did not, on its face, import an indebtedness from Bogan to the Martins, but if the slave died, or if Bogan sold him to a third person, J. & S. Martin could recover in assumpsit, the amount specified as his purchase money.

2. J. & S. Martin transferred this paper to a third person, and having afterwards re-possessed themselves of it, might erase the indorsement, and sue in their own names.

Error to the Circuit Court of Cherokee.

ASSUMPSIT by the defendant against the plaintiff in error.

Upon the trial, the plaintiffs offered in evidence a writing as follows:

" Received of J. & S. Martin, two hundred and fifty six dollars ninety-seven cents, for a negro boy named Bob, aged about forty years ; which I warrant, &c. Given under my hand and seal, this 19 December, 1841.

S. BOGAN," (Seal.)

Upon which was the following indorsement:

" It is further understood, that if the said S. Bogan shall well and truly pay to the said J. & S. Martin, the said sum of two hundred and fifty-six dollars ninety-seven cents, within four months from this date, the said Bogan is to have the liberty of re-purchasing the said boy Bob. It is also understood, that if the said boy Bob should die within the said term of four months, the said boy dies the property of the said Bogan, and the said Bogan in that event, is to be justly indebted to the said J. & S. Martin, in the said sum of two hundred and fifty-six dollars ninety-seven cents.

J. & S. MARTIN,

S. BOGAN."

The plaintiffs introduced testimony tending to show, that the

Bogan v. Martins.

slave remained in the possession of Bogan, and that subsequent to January, 1842, he sold him to a third person.

The Court charged the jury, that the article of agreement between the parties was evidence of indebtedness from defendant to plaintiffs. And further, that if they believed that the negro sold by defendant to plaintiffs, remained in the possession of the defendant, and was by him sold, then plaintiffs were entitled to recover the amount recited in the bill of sale.

The defendant moved the Court to charge, that although the defendant may have retained possession of, and sold the slave, the plaintiffs could not recover in this action, but must sue in an action *ex delicto*, which the Court refused.

Upon the bill of sale offered in evidence, was the following assignment:

" We assign the above bill of sale to G. W. Lawrence, and empower him to take possession of the boy Bob, in our name, or to collect his value."

J. & S. MARTIN.

This assignment, against the objection of the defendant, the Court permitted the plaintiffs to strike out. The defendant also moved the Court to charge the jury, that under the proof they must find for the defendant, which the Court refused. To all which the defendant excepted, and which he now assigns as error.

T. A. WALKER, for plaintiff in error.

ORMOND, J.—The instrument offered in evidence, must be considered in connection with the defeasance, and so considered, it is a conditional sale of the slave mentioned in the bill of sale, by Bogan to the Martins. The right to the slave vested immediately in them, subject to be divested by the re-payment of the purchase money in four months. Upon proof of the death of the slave, within the four months, or upon proof that Bogan retained the possession, and afterwards sold the slave to a third person, the plaintiffs could recover from him the amount specified as his purchase money, but the instrument does not, on its face, import an indebtedness from the defendant to the plaintiffs. The legal intendment is, that the possession, and the title of the slave, passed to them, subject to be divested by the re-payment of the purchase money, within the time limited. The Court therefore erred

in the first charge to the jury, and this error is not relieved by the fact, that the Court charged correctly upon the parol proof in the cause, as it is impossible for this Court to say, upon what the jury decided.

There can be no doubt that the action of assumpsit was proper; the plaintiffs have the right to waive the *tort*, and sue for money had and received to their use.

It is equally clear, that having become re-possessed of the paper they had transferred, they could strike out the assignment. For the error of the Court in the first charge, the judgment must be reversed, and the cause remanded.