## TRULOVE vs. BROWN.

1. In trover for the conversion of a promissory note, the evidence showed "that the note was traded to defendant by plaintiff for a wagon and oxen, with a reservation on the part of the plaintiff, that he should, at any time before the

Trulove v. Brown.

note fell due, have the privilege of redeeming it, by paying the defendant fifty-five dollars." *Held*:

1. That the court could not infer that the note was endorsed absolutely to the defendant, so as to vest in him the legal title, and thereby prevent a recovery by plaintiff;

2. That the tender of the money within the specified time, and demand of the note, gave the plaintiff the immediate right of possession.

ERROR to the Circuit Court of Marion.

Tried before the Hon. TURNER REAVIS.

EARNEST, for plaintiff in error.

E. W. PECK, *contra.*

DARGAN, C. J.—This was an action of trover, brought by the plaintiff to recover of the defendant for the conversion of a note, or an instrument of writing, whereby James A. Thompson and Thompson Harris promised, on the 25th of December, 1849, to pay said plaintiff forty-five hundred pounds of seed cotton. Upon the trial, a bill of exceptions was taken, the language of which is as follows: "The plaintiff introduced two witnesses, who testified, that they were present, and heard a trade made between the parties; that the note was traded to the defendant by plaintiff for a wagon and oxen, with the reservation, on the part of the plaintiff, that he should, at any time before the note fell due, have the privilege of redeeming it, by paying the defendant fifty-five dollars." It was also shown, that the plaintiff had tendered the defendant the sum of fifty-five dollars before the note fell due, and demanded it. The plaintiff further proved, that he had deposited in court the said sum of fifty-five dollars. On this evidence the court instructed the jury, that the plaintiff could not recover.

It is insisted for the defendant in error, that we must infer that the note was endorsed to him by the plaintiff, and inasmuch as our statute allows the endorsee of such note to sue and recover in his own name, that, therefore, the plaintiff has failed to show a legal title to the note, and consequently cannot recover. We held, in the case of Lowremore v. Berry, 19 Ala. 130, that the possession of a promissory note was sufficient to authorize a recovery in trover against a wrong-doer, although the money was payable to another, unless the

defendant could connect himself in some way with the legal title of the payee. But in the case before us, if we could infer from the bill of exceptions that the note was endorsed absolutely to the defendant, without any restriction or qualification, we might hold, that the legal title being in the defendant by such endorsement, the plaintiff could not recover. But we do not feel authorized to draw this presumption or inference from the language of the bill of exceptions. It is, that "the note was traded to the defendant" for a wagon and oxen, reserving the right to redeem it, at any time before the note fell due, by paying fifty-five dollars.

This was the contract by which the note came into the possession of the defendant, and we are not advised that any part of it was reduced to writing, and, therefore, we cannot infer it, nor can we infer that the note was endorsed absolutely to the defendant.

Looking, then, to the contract as it was disclosed by the parol proof, it can amount only to one of two things: either that the note was pledged to secure the defendant in the payment of fifty-five dollars; or it was a sale of the note with the right to repurchase within a specified time, at the sum of fifty-five dollars. The transaction can amount only to the one or the other of these contracts; and we think it immaterial which of the two it may be considered, for in either case the tender of the money, and the demand of the note, gave the plaintiff the immediate right of possession. If it were a conditional sale of the note, the tender of the price agreed to be paid within the specified time, restored the plaintiff to his title, and his right of possession. Sewall v. Henry, 9 Ala. 24; Bogan v. Martin, 8 Ala. 807. And if we consider the contract as a pledge to secure the defendant in the sum of fifty-five dollars, the tender of the money at the proper time divested the defendant of his right to the possession, or to hold the note, and consequently the title and right of possession must be thereby restored to the plaintiff. In any point of view we can take of the contract, as exhibited by the proof set out in this bill of exceptions, we think the court erred in the instructions given to the jury.

In conclusion, we will observe, that no question is made as to the amount of damages which the plaintiff may be en-

titled to recover, that is, whether he can recover the full amount of the value of the note, or only the difference between the value of the note and the sum of fifty-five dollars. We, therefore, will intimate no opinion on this subject.

Let the judgment be reversed, and the cause remanded.