## McPETERS, SURVIVING PARTNER, *vs.* PHILLIPS.

[TROVER FOR CONVERSION OF PROMISSORY NOTE.]

1. *Conversion of promissory note; measure of damages.*—In trover for a promissory note, the measure of damages is *prima facie*, the value on its face. But the insolvency of the parties liable thereon may be shown in mitigation of damages.
2. *Same; insolvency, how may be proved.*—In such an action the insolvency of the maker may be shown by parol evidence.

APPEAL from the Circuit Court of Lauderdale.
Tried before Hon. JAMES S. CLARK.

The appellant being sued in trover for the conversion of a promissory note made by one Gillis, offered to prove by

several witnesses that the maker, said Gillis, was insolvent from the time appellant received the note until said Gillis died, and that said Gillis' estate was insolvent. He also offered the records of the probate court of the county, in which the administration of the estate was being settled, to show that said estate was insolvent. To the introduction of the witnesses and the record of the probate court, appellee objected and the court sustained the objection, &c., and appellant excepted. There was a verdict and judgment against appellant, and hence this appeal.

R. O. PICKETT, for appellant.

E. A. O'NEAL, *contra.*

B. F. SAFFOLD, J.—It is stated once in the bill of exceptions that the witnesses were offered to prove that the maker of the note was notoriously insolvent, but in two other instances simply that he was insolvent. The obvious meaning of the bill of exceptions is, that the defendant offered the witnesses to prove the value of the note. Insolvency is said to be a conclusion of law. It can not be proved by reputation, but the reputation of facts, or circumstances, from which such a conclusion may properly be drawn is legitimate evidence.—*Lawson v. O'Rear*, 7 Ala. 784. The line of distinction is finely drawn, and would not probably be observed in a mere proposal to introduce witnesses, which was refused. We think it was meant by "notoriously insolvent," that the maker of the note was so utterly insolvent that there could be no question about it among those who knew any thing about his pecuniary condition.

In trover for a bill, or note, or other chose in action, the measure of damages is *prima facie* the value on its face. But the insolvency of the party liable thereon, or any other fact tending directly to reduce its value, may be shown in mitigation of damages.—3 Pars. on Con. 195–6; 2 Greenl. Ev. 649; *Bk. Mobile v. Marston*, 7 Ala. 108; *Walker v. Forbes*, 25 Ala. 139.

The inventory and appraisement of Gillis' estate were

not of as high a grade of testimony as the evidence of the administrator and the appraisers.

The judgment is reversed and the cause remanded.