(80 South. 403)

DORSEY et al. v. PEPPERS.  (8 Div. 140.)

(Supreme Court of Alabama.  Dec. 19, 1918.)

MONEY RECEIVED ⬅︎2—MONEY OR EQUIVA-LENT THEREOF.

Plaintiff, having raised cotton on defendant's land under a contract, gave defendant proceeds of one bale, and sold the other to C.  On defendant's suing C. for conversion of such cotton, plaintiff returned the proceeds to C.  Judgment was recovered against C. by defendant and by defendant transferred to a third party, but what was paid defendant in such transfer did not appear.  *Held,* defendant was liable to account for second bale or its proceeds, it not being always essential that actual money be received by defendant in action for money received.

Appeal from Circuit Court, Marshall County;  W. W. Haralson, Judge.

Suit by James Peppers against J. L. Dorsey and another, wherein W. W. Curry was garnishee.  From judgment for plaintiff, defendants appeal.  Transferred from Court of Appeals under Acts 1911, p. 450, § 6.  Affirmed.

The suit arose out of a contract by the plaintiff with the defendant J. L. Dorsey, acting as agent for his wife, Mattie B. Dorsey, for the cultivation of a crop during the year 1916 on land owned by said Mattie B. Dorsey, and certain work done on the farm at defendant's request.

The evidence for the plaintiff tends to show that J. L. Dorsey was acting as the agent for his wife, Mattie B. Dorsey, but that he did not disclose that he was acting as such agent at the time; and he is joined as a party defendant with his wife, Mattie B. Dorsey.  Plaintiff's testimony further tended to show that he raised two bales of cotton and turned over to defendants $92 as the proceeds of one bale, being the first bale; that the second bale he sold to one W. W. Curry, the garnishee in this suit; that said Curry paid him therefor, but immediately afterwards informed him that the defendant Mattie B. Dorsey had brought suit against him (Curry) for the conversion of that bale of cotton in her individual name; and that plaintiff then returned the money to said Curry; and that said defendant Mattie B. Dorsey recovered a judgment against said Curry for the conversion of said bale of cotton; and further that the money returned to Curry was now being held subject to said judgment.  Defendants objected to any evidence in regard to the second bale of cotton in stating the account, and also excepted to that portion of the oral charge of the court in which the jury was instructed that under the circumstances, as here disclosed, the defendants should account for said second bale of cotton or its proceeds.

D. Isbell, of Guntersville, for appellants.
C. B. Kennamer, of Guntersville, for appellee.

GARDNER, J.  It is insisted upon this appeal by counsel for appellants that reversible error was committed by the trial court in admitting proof as to the second bale of cotton referred to in the statement of the case, and in instructing the jury that the defendants should account to plaintiff therefor. The argument is based upon the theory that there is no proof that defendants have in fact received the proceeds of this bale of cotton; and that therefore the same should not be taken into consideration in a suit of this character for money had and received and work and labor done.  It appears, however, that the proceeds of this second bale was returned to the purchaser, who is the garnishee in this suit, one Curry, by the plaintiff because of a suit instituted by defendant Mattie B. Dorsey against said Curry for the conversion of said bale of cotton; and that the money is now held by said Curry subject to said judgment.

In addition to this, it further appears without dispute that Mattie B. Dorsey, the owner of the judgment against Curry, has transferred the judgment to a third party. As to what was paid to said Mattie B. Dorsey in said transfer is not disclosed by the record.

"A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which ex æquo et bono belongs to another;  * * * and it is not always necessary that actual money shall have been received.  If property, or anything else, be received as the equivalent of money, by one who assumes to cancel or dispose of a property right, for which, by contract, or liability, legal or equitable, it is his duty to account to another, the latter may treat the transaction as a receipt of money, and sue for it as such."  Barnett v. Warren, 82 Ala. 557, 2 South. 457;  Farmers Bk. & Tr. Co. v. Shut & Keihn, 192 Ala. 53, 68 South. 363;  9 Cyc. 849 et seq.

Under the circumstances as disclosed by this record, we are of the opinion there was no error in the court admitting this evidence, and instructing the jury that the defendants were liable to account for the second bale of cotton.  This question is treated as the only one of any importance upon this appeal; and, finding no reversible error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes