LARRY DAWSON AND D. G. WHITE, TRADING AS DAWSON & WHITE, v. NATIONAL BANK OF GREENVILLE, N. C., ET AL.

(Filed 9 October, 1929.)

**1. Bills and Notes I a—Upon payment of check without endorsement the drawee bank makes acceptance and is liable to payees.**

While a bank is not ordinarily liable to the payee of a check it may become liable to him upon its acceptance or certification of the check, and where the bank has paid the check otherwise than to the payees or some person authorized by them to receive payment and has charged the amount to the drawer, the bank has accepted the check and the payees may hold it liable thereon. C. S., 3171. In this case the drawer having authorized payment as if made to bearer is estopped from holding the bank liable, and had agreed to save the bank harmless in the action.

**2. Same—Burden of showing proper payment is on the bank.**

In an action by the payees of a check against a bank for paying the check otherwise than to them or to some person authorized by them to receive payment, the burden is on the bank admitting acceptance to show proper payment.

**3. Same—Where check is payable to two payees payment to one without authority of the other does not relieve bank of liability.**

Where a check is payable to two or more persons as payees, or to their order, the amount of the check must be paid to both payees or upon the order of both, and payment to one of the payees or to the order of one without the authority of the other, does not discharge the bank of its liability unless the payees are partners, and evidence of payment to one of the payees is properly excluded. C. S., 3022.

**4. Same—Evidence of local custom of payment of checks as if drawn to bearer is incompetent in bank's defense.**

Evidence of a local custom of paying checks of tobacco warehousemen as if made to bearer, is properly excluded in an action by the payees of a check, after acceptance by the bank, against the bank for paying the check to others without their authority or endorsement, title to a check being transferable only by endorsement and delivery. C. S., 3010.

APPEAL by defendants from *Daniels, J.,* at March Term, 1929, of PITT. No error.

Action by the payees to recover of the drawee bank the amount of a check, payable to their order. The check was presented for payment by a holder, without the endorsement of the payees. The bank paid the amount of the check to said holder, and charged said amount to the account of the drawers.

The drawers of the check had authorized the bank to pay said check, although drawn payable to the order of the payees named therein, as if it had been drawn payable to bearer. They admitted that the drawee bank was not liable to them for the amount of the check, and agreed

that in the event plaintiffs recover judgment in this action against the drawee bank, the said bank is entitled to judgment against them for the amount which plaintiffs shall recover of the said bank.

There was no evidence tending to show that the payees knew, when the check, payable to their order, was issued to them by the drawers, in payment of tobacco sold by the drawers as warehousemen for the plaintiffs, that the drawers had authorized the drawee bank to pay said check without their endorsement, as if the check had been drawn payable to bearer.

The issues submitted to the jury were answered as follows:

1. Did the defendant National Bank pay the proceeds of the check in controversy to the plaintiffs or to any person authorized by the plaintiffs to receive payment? Answer: No.

2. Is the defendant National Bank indebted to plaintiffs and, if so, in what amount? Answer: $359.03, with interest from 21 October, 1926.

From judgment on the verdict, defendants appealed to the Supreme Court.

*Albion Dunn for plaintiffs.*
*J. C. Lanier for defendants, Moye & Gentry.*
*F. G. James & Son for defendant, National Bank.*

CONNOR, J. This action was first tried at May Term, 1928, of the Superior Court of Pitt County. From judgment rendered at said trial, dismissing the action, as upon nonsuit, at the close of the evidence for plaintiffs, plaintiffs appealed to this Court. On said appeal, the judgment was reversed. *Dawson v. Bank,* 196 N. C., 135, 144 S. E., 833. In the opinion it is said: "The law in this State, both by statute and by authoritative decisions of this Court, is to the effect that the payee of a check cannot maintain an action upon the check against the bank on which the check is drawn, unless and until the check has been accepted or certified by the bank. C. S., 3171. *Trust Co. v. Bank,* 166 N. C., 112, 81 S. E., 1074."

Ordinarily, when the drawee bank declines to pay the check, or has paid the amount of the check to one who is not entitled to receive said amount, only the drawer of the check can maintain an action against the drawee bank, on the check, or for its amount. *Land Bank v. National Bank, post,* 526.

In this case, however, it was held that upon the facts which the evidence offered by plaintiffs tended to show, plaintiffs, as payees of the check, are entitled to recover of the defendant bank, unless said bank can satisfy the jury by evidence, that the amount of the check had been paid by it to the payees, or to some person authorized by them to receive

payment. The drawers of the check had authorized payment of the check to a holder without the endorsement of the payees, and were therefore estopped from contending that the bank was in any aspect of the case liable to them for the amount of the check. They have agreed to save the bank harmless in this action.

It was held on the former appeal that the action of the bank was in effect an acceptance of the check, and rendered the bank liable to the owner of the check for its proceeds. Payment of the proceeds to one who was not the owner of the check did not discharge the bank of liability to such owner. When the bank accepted the check, and charged its amount to the account of the drawers, it impliedly undertook to pay the proceeds of the check to the true owner.

Defendants' contention on this appeal that there was error in the ruling of the trial judge that the burden of the issue was on the defendant bank, and not on the plaintiffs, cannot be sustained. This ruling was correct on principle, and is in accord with the authorities both here and elsewhere. The burden was on the bank which admitted that it had accepted the check, and charged same to the account of the drawers, to show that it had paid the amount of the check to the payees, or to some person authorized by them to receive payment. *Land Bank v. National Bank, supra.*

There was no error in excluding evidence tending to show a custom, at Greenville, N. C., in accordance with which checks issued by tobacco warehousemen for the payment of tobacco sold by them for farmers, although such checks were drawn payable to the order of payees named therein, were paid by the drawee banks of said city, upon their present-ment, to holders without the endorsement of the payees, just as if said checks were drawn payable to bearer. This custom, if it existed, could not affect the rights of payees of checks, drawn payable to their order, under the laws of this State. The title to a check payable to the order of the payee can be transferred only by the delivery of the check, with the endorsement of the payee thereon. C. S., 3010. The title to such check, and the right to its proceeds, when the check has been accepted for payment by the drawee bank, remains in the payee, until he has transferred the check by endorsement and delivery and thereby directed payment to be made to another. Payment of such check to one who is not a holder under the endorsement of the payee, is at the risk of the drawee bank.

Defendants offered evidence which they insist tended to show that the amount of the check was paid to one of the payees. This evidence was properly excluded upon objection by the plaintiffs. Defendants concede that they had no evidence tending to show that payment to one of the payees was authorized by the other payee. Where a check is payable to

two or more persons as payees, or to their order, the amount of the check must be paid to both payees or upon the order of both. Payment to one of the payees or to the order of one payee without the authority of the other payee, does not discharge the drawee bank of its liability for the amount of the check, unless the payees are partners. C. S., 3022.

We find no error in the trial of this action. The judgment is affirmed.

No error.