144 So. 7

## A. PAUL GOODALL REAL ESTATE & INS. CO. v. NORTH BIRMINGHAM AMERICAN BANK.

### 6 Div. 182.

Supreme Court of Alabama.

June 9, 1932.

Rehearing Denied Oct. 13, 1932.

Further Rehearing Denied Nov. 3, 1932.

508

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

Amzie G. Barber and Arlie Barber, both of Birmingham, for appellant.

BROWN, J.

This is an action on the common count for money had and received. The plea was the general issue.

The evidence is without dispute that the Peerless Ice Cream Company, Inc., being indebted to the plaintiff in the sum of $125, drew its check for the amount of the indebtedness on the defendant bank with which the drawer was a depositor.

The check was delivered to A. Paul Goodall, plaintiff's agent, who had authority to receive the check as a collector, but had no authority to indorse plaintiff's name thereon, or collect said check.

Goodall placed an indorsement thereon by using a rubber stamp kept by plaintiff for use in making deposits with another bank with which it did business, by stamping thereon the words "A. Paul Goodall R. E. & Ins. Co.—State Agents—Local Agents, Birmingham, Ala.," using the stamp so as not to place thereon, "For Deposit Only Account of" which was a part of the stamp, and indorsed "A. Paul Goodall" on the back of the check, and presented the check to the defendant bank, who paid it to Goodall.

The check was subsequently surrendered to the drawer, Peerless Ice Cream Company, Inc., and the evidence affords an inference that defendant credited itself on the drawer's account with the amount of said check.

After demand made on the defendant, this action was brought to recover the value of said check.

Appellee insists that the question of liability of the drawee bank is controlled by the cases of M. Feitel House Wrecking Co. v. Citizens' Bank & Trust Co. of La., 159 La. 752, 106 So. 292, and First National Bank of Washington v. Whitman, 94 U. S. 343, 24 L. Ed. 229, which hold that, in the absence of acceptance or certification by the drawee, there is no privity of contract between the payee of the check and the drawee, and that payment of the check on a forged indorsement is not payment in law, although the check is surrendered to the drawer and credit taken therefor on the account between the drawer and the drawee, and that the payee's remedy is against the drawer.

It appears that the plaintiffs in those cases rested their rights of actions on the checks themselves, and hence privity of contract between the payee and the drawee was essential to a cause of action. Code 1923, § 9207.

In the instant case the basis of the plaintiff's cause of action is the wrongful conversion of the check, and, under the law as settled in this state, he could sue in trover for conversion or waive the tort, and sue for money had and received. Rudisill Soil Pipe Co. v. First Nat. Bank of Anniston, 224 Ala. 436, 140 So. 569; First Nat. Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186; Burton Lumber Co. v. Wilder, 108 Ala. 669, 18 So. 552.

In such circumstances privity in fact is not essential to plaintiff's right of action. The only privity required is that arising by implication of law. Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363.

It is next insisted that fraud is an essential element of forgery, and there is an absence of evidence tending to show fraud on the part of Goodall in the indorsement of the check. The method pursued by Goodall in the use of the rubber stamp in effecting the indorsement, coupled with his subsequent conversion of the money to his own use, goes to show a fraudulent intent at the time of the indorsement. First National Bank of Montgomery v. Montgomery Cotton Mfg. Co., supra.

If what was placed on the back of the check can be treated as an indorsement of the name of the payee thereon, the evidence clearly tends to show it was a forgery, and, if so, such indorsement and payment were inefficacious to pass the title of the check to the defendant. Treating the indorsement as that of Goodall only, the result is the same. First Nat. Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186; Rudisill Soil Pipe Co. v. First Nat. Bank of Anniston, 224 Ala. 436, 140 So. 569.

"A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which ex æquo et bono belongs to another. 3 Brick. Dig. 51, §§ 10, 11, 13. And it is not always necessary that actual money shall have been received. If property or any thing else, be received as the equivalent of money by one who assumes to cancel or dispose of a property right, for which, by contract or liability, legal or equitable, it is his duty to account to another, the latter may treat the transaction as a receipt of money, and sue for it as such." Barnett v. Warren & Co., 82 Ala. 557, 561, 562, 2 So. 457, 459; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; Dorsey v. Peppers, 202 Ala. 321, 80 So. 403; 2 R. C. L. 782, § 36.

The credit received by the defendant, if it in fact credited itself with said check on the drawer's account, was, within the rule above stated, the equivalent of money, and it was liable as for money had and received. Baltimore & Susquehanna R. Co. v. Faunce et al., 6 Gill (Md.) 68, 46 Am. Dec. 655; 52 Am. Dec. 753, 754, note.

The court therefore erred in excluding the plaintiff's evidence and in directing a verdict for the defendant.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.