240 So.2d 366

**STATE NATIONAL BANK OF
ALABAMA, a Corporation**

v.

**SUMCO ENGINEERING, INC.,**
a Corporation.
**8 Div. 24.**

Court of Civil Appeals of Alabama.

June 24, 1970.

Rehearing Denied Aug. 5, 1970.

Lanier, Shaver & Herring, John M. Heacock, Jr., Huntsville, for appellant.

Beddow, Embry & Beddow, and Drayton N. James, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court of Marshall County rendered in favor of the plaintiff-appellee, Sumco Engineering, Inc., A Corporation, on a complaint seeking $5,907.74 plus interest as a result of defendant-appellant, State National Bank of Alabama, A Corporation, paying a check for one of two payees in the absence of an endorsement by the other payee.

The complaint contained four counts, each one claiming the same transaction and same amount of money. A plea in abatement was filed, and it was demurred to, with the demurrer being sustained.

Demurrers were subsequently filed to the complaint and to each count thereof. They were later overruled and a plea in short by consent was entered.

Trial was had before the court sitting without a jury on an agreed stipulation of facts. Judgment was rendered for plaintiff-appellee in the amount of $8,014.80, which included interest.

Defendant-appellant appealed to this court from said judgment and filed a supersedeas bond to stay the execution of the judgment pending the outcome of the appeal.

There were fifteen assignments of error, but they were all argued together under the first assignment.

The facts in this case are that a check was presented to the appellant for payment by one of two payees listed on the check, and the bank paid the full amount of the check to Madison Construction and Supply Company, one of the payees on the check, without first obtaining the endorsement of the other payee on the check, the appellee, Sumco Engineering Company.

The drawer of the check was Calumet and Hecla, Inc., and the drawee of the check in question was appellant, State National Bank of Alabama.

Appellant says the question to be decided is whether the payment of the face amount of the check in question to one of the two joint payees listed on the face of the check was sufficient to discharge the appellant's obligation on this negotiable instrument, i. e., the check, as provided by the provisions of Title 39, Section 115(4), Code of Alabama 1940, as Recompiled 1958.

Appellee says the question is whether the bank is liable for the proceeds of a check made payable to two payees where one of the payees did not endorse the check.

The issue, as we see it, is whether the appellant drawee bank was obligated to the drawer of the check to pay the face amount of it to the two payees listed thereon or not.

In 9 C.J.S. Banks and Banking § 330, p. 673, the following is found:

" * * * The contract of the bank with each depositor is to pay the money deposited on demand made at its banking house, in such sums, at such times, and to such persons as the depositor may direct. Under such contract, the bank is not warranted in paying out the money of its depositor except in strict accordance with his order, and it has an absolute obligation in this respect which is not fulfilled merely by the exercise of reasonable diligence."

The drawer had directed the drawee bank to pay $5,907.74 to Sumco Engineering Company and Madison Construction and Supply Company. There was no evidence that this was a partnership arrangement, neither was there any evidence that Sumco had authorized Madison to receive payment on its behalf. Furthermore, there was no evidence of a ratification of Madison's action by Sumco.

It is also undisputed that only one payee, Madison Construction, endorsed the check and received payment of the full face amount of it.

Obviously, appellant-drawee bank did not pay the face amount of the check in accordance with the directions of the drawer, Calumet and Hecla, Inc.

In *Modern Homes Construction Co. et al. v. Tryon Bank & Trust Co.,* 266 N.C. 648, 147 S.E.2d 37, the Supreme Court of North Carolina said:

"The payee of a check, as well as the drawer, has a right to expect the drawee bank to pay it in accordance with its terms. Therefore, when the drawer issues a check to the order of a named payee, the payee—absent his agreement to the contrary, or any conduct on his part creating an estoppel—can assume that he has a valuable paper of a particular commercial character, i. e., one which will require his endorsement for title to pass to a taker, or for discharge to be effected by the action of the drawee in marking the check 'paid' and charging it against the account of the drawer."

Also, in another North Carolina case, *Dawson & White v. National Bank of Greenville, N. C., et al.,* 197 N.C. 499, 150 S.E. 38, it was said:

" * * * Where a check is payable to two or more persons as payees, or to their order, the amount of the check must be paid to both payees or upon the order of both. Payment to one of the payees or to the order of one payee without the authority of the other payee does not discharge the drawee bank of its liability for the amount of the check, unless the payees are partners."

In the case at bar the drawer made the check payable to two joint payees, and the payees had a right to believe that they possessed a valuable instrument with such commercial character that title thereto could not pass or that payment thereof could not be made by the drawee without the endorsements of both of them appearing thereon.

■ But in this case payment was made by the drawee bank with the endorsement of only one of the two payees appearing thereon. Obviously then, the drawee did not pay the face amount of the check to the two payees whose names also appeared on the face of the check, which is contrary to the directions given to the drawee bank by the drawer as embodied in the terms of the instrument explicitly set out on the face thereof.

The rule requiring the drawee bank to strictly abide by the directions of the drawer as set out on the face of the check is based on sound principles.

As stated in 1 Stanford Law Review, p. 730, 738:

"Inquiries to leading banks and insurance companies disclose substantial commercial use of negotiable instruments payable to joint payees. Instruments payable 'to the order of ·A and B' are usually employed when the drawer intends to pass consideration to the named payees jointly or to pass some consideration to each of them severally without knowing how much is due each one. The latter situation gives rise to most of the commercial use. For example, repeated use is made of instruments payable jointly to the following: a claimant under a policy and his lawyer (who has a contingent interest in the proceeds for fees); claimant and doctor ·in a similar situation; * * *

"The purposes which the companies hope to achieve by executing instruments in this fashion are primarily these: (1) to discharge the obligation to all parties on the policy and yet leave it to the parties to make their own proportionate division —an informal type of interpleader which eliminates the company from haggling over amounts due each; (2) to assist lien holders in the collection of their claims against the proceeds; and (3) to simplify internal bookkeeping processes of the companies as an incidental matter.

"The first two of these aims clearly suggest the desirability of a rule of law which would require payment to all of the

payees for discharge. If one of the several joint payees can receive payment without authority from the others, there is no assurance that the consideration necessary to extinguish the underlying liability of the drawer will reach the other payees. On the other hand, if payment must be made to all or with the authority of all, there is an obvious tendency to force the payees together, to encourage compromise of their conflicting claims, and to put them on notice in such fashion as to permit them to protect their own interests. The latter rule tends to insure the discharge of the underlying obligation of the drawer to all parties and to protect the interest of the various payees in the proceeds—the two primary purposes prompting the use of joint-payee instruments."

We agree with the North Carolina Supreme Court that in a situation such as the one now before us, the unpaid payee should be allowed to recover as against the drawee for the face amount of the check absent any effort to allege and prove a lesser interest in the face amount of said check. See Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7.

To hold otherwise, would have the effect of thwarting the expressed intent of the drawer—as spelled out on the face of the check—communicated to the drawee bank, to pay to the order of the joint payees, Madison Construction and Supply Company and Sumco Engineering, Inc., the amount of $5,907.74.

The drawer had a right to expect the drawee bank to carry out his instructions to the letter, and the payees designated on the check had a right to expect that payment would be made to both of them in the absence of a direction by one of them to the contrary.

The trial court having committed no reversible error, this case is affirmed.

Affirmed.

## ON REHEARING

PER CURIAM.

On rehearing appellant contends that this court committed error in affirming the trial court's decision to award appellee the face amount of the check. We note that nowhere in the pleadings or in the Stipulation of Fact did appellant make this contention. Not having presented this question to the trial court, we do not feel that it can now be presented for the first time on appeal. Nelson Realty Co. v. Darling Shop of Birmingham, 267 Ala. 301, 101 So.2d 78.

Opinion extended.

Application for rehearing overruled.