240 So.2d 369

In re **STATE NATIONAL BANK OF ALABAMA**

v.

**SUMCO ENGINEERING, INC., a Corp.**

Ex parte **STATE NATIONAL BANK OF ALABAMA.**

**8 Div. 410.**

Supreme Court of Alabama.

Oct. 8, 1970.

Lanier, Shaver & Herring and John M. Heacock, Jr., Huntsville, for petitioner.

Beddow, Embry & Beddow, Birmingham, for respondent.

SIMPSON, Justice.

The facts necessary for an understanding of this case are set out in the opinion of the Court of Civil Appeals, 46 Ala.App. 244, 240 So.2d 366. The petitioner seeks certiorari here contending that the case raised a question of law heretofore undecided in this state and that the same was incorrectly decided by. the Court of Civil Appeals.

Basically, it is asserted that the trial court and the Court of Civil Appeals were wrong in entering and sustaining judgment against the petitioner for the face amount of the check involved. It is petitioner's contention that if it is liable at all, it's liability is limited to the amount of respondent's interest in. the check.

This case is controlled by the Negotiable Instruments Law as in effect in 1963, which has of course been replaced in this state by the Uniform Commercial Code. Section 3–419 of the UCC, Title 7A, Code of Alabama, provides in part as follows:

"(1) An instrument is converted when

\*    \*    \*    \*    \*    \*

"(2) In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument."

It is pointed out in the comments to this section that although subsection (2) is new, "It adopts the rule generally applied [under the Uniform Negotiable Instruments Law] to the conversion of negotiable instruments, that the obligation of any party on the instrument is presumed \*    \*    \* to be worth its face value. \*    \*    \* in the case of the drawee, how-

ever, the presumption [heretofore prevailing] is replaced by a rule of absolute liability."

Alabama was among those states alluded to—in that as early as 1924, this court decided that a check was subject to conversion, and further that "The check on its face is evidence of value to the amount thereof prima facie." First National Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186.

We conclude, therefore, that the Court of Civil Appeals correctly decided the issue before it, and inasmuch as the petitioner did not put on any evidence to the contrary, that the payee was entitled to recover the face amount of the check involved.

Petition denied.

All the Justices concur except LIVINGSTON, C. J., and LAWSON and BLOODWORTH, JJ., not sitting.