MADDOX, Justice
(dissenting).
The majority holds that a particular named payee of a check in the amount of $80,000.00, made payable to “Billie H. Wray, LaQuita O. Wray and C. D. Walker” (emphasis added), “never acquired an interest in the cashier’s check because [that particular payee] never took possession of the instrument.”
It is true that a negotiable instrument has no valid existence until it is delivered, as the majority holds, but that legal principle has no application here, because the cashier’s check was delivered to two of the three named payees.
It is undisputed that C.D. Walker was a named non-alternative payee. The provisions of § 7 — 3—116(b), Code of Alabama (1975), are clear:
“An instrument payable to the order of two or more persons:
[[Image here]]
“(b) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.”
This Court has added a new element to this statute that has never been required and that is contemplated neither by the statute nor by regular banking practices. The correct rule of law that should be applied here is set out in State National Bank of Alabama v. Sumco Engineering, Inc., 46 Ala.App. 244, 240 So.2d 366 (1970). There, a check was presented to the drawee bank for payment by one of two payees listed on the check, and the drawee bank paid the full amount of the check to one of the named payees, without first obtaining the endorsement of the other payee on the check. The Court of Civil Appeals held that the unpaid payee had a right to recover from the drawee bank the face amount of the check absent proof of a lesser interest in the check. The legal principle of that case should be applied here. Because it is not, I must respectfully dissent.
HOUSTON, J., concurs.